JULIUS MENKEN ET AL. *v.* SAMUEL FRANK ET AL.

1. INJUNCTION BOND. *Breach of condition. Extent of recovery.*
   Indemnity for breach of an injunction bond, which is broader than the statute requires, may be allowed so far as the condition is legal, but not beyond what could be recovered if the bond conformed to law.

2. SAME. *Illegal condition. Breach.*
   The bond is not vitiated by the excess in the condition, but no recovery can be had for a breach of that part of the condition which is not according to the statute providing for such bond.

3. SAME. *Remedy in equity.*
   The obligees may recover in equity, to the same extent that they would have been entitled to recover on the bond at law, if it had been conditioned as prescribed by the statute.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

The plaintiffs in error sued the defendants in error on a bond executed by the latter in a proceeding instituted by one of them to enjoin a sale under a deed of trust made by A. L. Hill to secure a debt due the former. The bond was conditioned as provided by Code 1871, § 1044, to stay proceedings at law, and not as directed in § 1045, to obtain injunctions for other purposes, and the breaches assigned were of the part of the condition to pay the money due, which was required by the former statute, but not by the latter. A demurrer was sustained on the ground that the part of the condition sued on was voluntary and void.

*E. M. Watson,* for the plaintiffs in error.

The bond, although it does not follow the statute, is good as a common-law obligation. Such variance cannot avail the defendants, who voluntarily executed the bond, which was approved by the clerk without the obligees' agency. *State* v. *Cooper,* 53 Miss. 615; *Ring* v. *Gibbs,* 26 Wend. 502; *Morse* v. *Hodsdon,* 5 Mass. 314; *Johnson* v. *Laserre,* 2 Ld. Raym. 1459; *Van Deusen* v. *Hayward,* 17 Wend. 67; *Treasurers* v. *Bates,* 2 Bailey (S. C.), 362; *Williams* v. *Shelby,* 2 Oregon, 144; *United States* v. *Maurice,* 2 Brock. 96; Drake on Attachment, § 151. The suspension caused by the injunction is the consideration. High on Injunctions, § 951. The extent of liability depends on the express agreement of the parties. *Willson* v. *McEvoy,* 25 Cal. 169. The defendants, having tendered the bond sued on, which was accepted, must stand by its terms. If the recovery is too large, their remedy is in equity. *Hanley* v. *Wallace,* 3 B. Mon. 184.

*Manning & Watson,* on the same side.

*Featherston & Harris,* for the defendants in error.

That part of the condition of the bond on which the breaches are assigned is voluntary and void, and unauthorized by law. Property covered by the deed of trust remains, and payment of the debt must be enforced out of it. High on Injunctions, §§ 949, 950; *Johnson* v. *Vaughan,* 9 B. Mon. 217; *Hanley* v. *Wallace,* 3 B. Mon. 184; *Dixon* v. *United States,* 1 Brock. 177. As the statute authorizing the bond to be given is the basis of

the contract, the obligees must take notice of it. *Mygatt* v. *Green Bay*, 1 Biss. 292. A condition inserted in the bond, if not required by law, is a nullity. *State* v. *Bartlett*, 30 Miss. 624; *Hicks* v. *Mendenhall*, 17 Minn. 475. If the clerk takes an insufficient injunction bond, the complainants' remedy is ample. Code 1871, § 1044; High on Injunctions, §§ 949, 952.

CAMPBELL, J., delivered the opinion of the court.

The bond sued on in this action is not void because the condition is broader than the statute required, but no recovery can be had on it for an alleged breach of such part of the condition as is not provided for by the statute. Code 1871, § 1045. The breaches of the condition of the bond assigned in the declaration are founded on that part of the condition not required or authorized by law. We have examined the authorities cited by counsel, and deduce as the true rule on this subject that a bond given in a legal proceeding, which is conditioned for more than the law provides, is good to the extent that the condition is according to law, and is not vitiated by the excess, but that no recovery thereon can be had beyond what could have been recovered if the bond conformed to law. The plaintiffs are seeking to recover their debt due from A. L. Hill on the bond given by the defendants to enjoin the sale of property, because in drawing the bond it was conditioned to pay the debt, when the law required a bond conditioned, not for payment of the debt, but only for damages and costs. To the extent that the bond was conditioned to pay the debt secured by the deed of trust, the execution of which was enjoined, it was beyond the requirement of the law, and it would be improper to hold that, because of the mistake in the bond, a recovery on it could be had for what, if the bond had been according to law, could not be recovered. The plaintiffs, being unable to recover on the bond at law, may resort to a court of chancery, and there recover to the same extent that they would have been entitled to recover on the bond at law, if it had been conditioned as prescribed by the statute.

*Judgment affirmed.*