## L. B. HOLLY ET AL. *v.* CATHERINE COOK.

1. CHANCERY COURT. *Set-off. Judgment. Assignment.*

Where, pending an action, defendant therein recovers a judgment against plaintiff, the latter, after recovering his judgment, cannot maintain a bill in chancery to compel the setting off of the two judgments, if, before such recovery by plaintiff, defendant had assigned his judgment.

2. SET-OFF. *Judgments. Assignment. Notice. Code* 1880, § 1124.

In such case, it is immaterial that, when plaintiff recovered his judgment, he had no notice of such assignment by defendant. Section 1124, code 1880, providing for the assertion of off-sets and other defenses against notes and other writings for the payment of money had prior to notice of their assignment, has no application to judgments.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

In 1887, appellee, Catherine Cook, recovered a judgment against L. B. Holly for $100 in an action of slander. While her action was pending, Holly instituted a suit against her for slander, and likewise recovered judgment for $25. In April, 1892, an execution issued on the last-mentioned judgment, and was levied upon a house owned by Mrs. Cook, the defendant. To prevent her place being sold, she paid into the officer's hands the amount of the judgment against her, and costs; but, as her judgment against Holly was still unsatisfied, she filed this bill against him and the officer, reciting the facts, and asking that the money in the hands of the officer be refunded to her, and that her judgment against Holly be set off against his judgment, by having the amount

thereof credited upon her judgment, and that Holly be enjoined from attempting further to enforce his judgment against complainant. Subsequently, complainant filed an amended bill, alleging that R. Seal, J. R. Davis and J. L. Henley were asserting a claim to the money in the hands of the officer, and they were joined as parties defendant. The last-named defendants demurred to the bill, but the demurrer was overruled. They then answered, alleging that they were the owners of the judgment for $25, Holly having assigned it to them for value soon after its rendition.

The case was then submitted for hearing upon an agreed statement of facts, in which it was admitted that Holly had, in writing, assigned his judgment to Seal, Davis and Henley, for a valuable consideration, before Mrs. Cook recovered her judgment, and that the justice of the peace had been notified of the assignment, and asked to note the transfer on his docket, but no entry had been made, nor did the judgment-roll show the assignment. It was further admitted that Mrs. Cook had no notice of the assignment until after the judgment in her favor was rendered. Decree was rendered in favor of complainant, granting the relief prayed for in her bill, and defendants, Seal, Davis and Henley, have appealed.

*R. Seal*, for appellants.

*W. A. White*, for appellees.

The rule of *caveat emptor* applies to the purchase of judgments as well as personal property, and set-off or other defenses existing prior to notice of assignment can be asserted. Without notice of the assignment, Mrs. Cook expended her time and money in prosecuting her action to judgment, and, having secured a valid set-off to the judgment against her, cannot be deprived of her rights by an assignment of which she had no notice. *Sherman* v. *Bank*, 7 How., 386; *Shields* v. *Taylor*, 25 Miss., 13; 12 Am. & Eng. Enc. L., 149; Bar-

bour on Set-off, 67; 7 Lawson's Rights, Rem. & Pr., 5420; 2 Pom. Eq. Jur., 154.   See also *Cox* v. *Palmer*, 60 Miss., 793.

CAMPBELL, C. J., delivered the opinion of the court.

When Holly's judgment was recovered against the appellee and assigned, she had no claim against him which could be set off against this judgment, at law or in equity.   When she obtained judgment against Holly, the judgment he had before against her had been assigned, and was not his, and she was not then entitled to have Holly's judgment credited on hers against him.   The fact that she got judgment against him before she learned of his transfer of the judgment against her, does not make any difference.   Our "anti-commercial statute" does not apply.   Judgments are not embraced by it, and we have no statute as to setting off judgments; that rests on common law rules, and, under them, the appellee was not entitled to the decree she got.   The assignment of his judgment by Holly defeated her claim to use the judgment she afterwards obtained to pay the other judgment.   2 Black on Judgments, § 954 and cases cited in notes; Waterman on Set-off, §§ 368, 369, 373.

*Reversed, and bill dismissed.*