Myers *et al. v.* Daughdrill *et al.*

(Division B. May 9, 1932.)

[141 So. 583. No. 30004.]

E. B. Patterson and C. E. Gibson, both of Monticello, for appellants.

**G. Wood Magee,** of Monticello, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On the 26th day of November, 1929, Mrs. H. L. Daughdrill and her husband executed and delivered to the F. L. Riley Mercantile Company a deed of trust on certain lands and also on two mules. No other personal property than the mules was included in the descriptions, but there was an after-acquired property clause reading as follows: "And any increase of all property, real or personal, that may be hereafter acquired by purchase or otherwise, the title to which unto said Trustee, or any successor, they warrant and agree forever to defend." There was a default in the payment of the debt secured by the deed of trust, and E. C. Myers, who had been duly substituted as trustee, was directed by the beneficiary to proceed to enforce the said trust deed.

On or about the 26th of March, 1930, Mrs. Daughdrill acquired by purchase four cows, and when in April, 1931, the trustee set about the enforcement of the deed of trust, he demanded of Mrs. Daughdrill that she deliver to him as trustee, not only the personal property specifically

described in the deed of trust, but also the after-acquired property above mentioned, which demand as to the after-acquired property was refused. Thereupon the trustee instituted an action of replevin for said four cows, valuing them in his affidavit for replevin at two hundred dollars in the aggregate. The writ was issued, and the cattle were seized by the constable, who in his return valued the cattle at two hundred dollars. Mrs. Daughdrill did not exercise her statutory right to give bond and retain possession, and thereupon the plaintiff, Myers, gave bond as is authorized under section 3089, Code 1930, and the property was delivered to him by the officer. It is noted that the bond given by Myers is informal and does not recite the amount for which given and for which the sureties thereon were to be bound, but under section 758, Code 1930, when taken in connection with section 3089, Code 1930, the law writes into the bond a penalty of double the value of the property as ascertained by the return of the officer, and thus the penalty of the bond in this case is four hundred dollars.

The trial in the justice court resulted in favor of the defendants, and the trustee appealed to the circuit court. On the trial in the circuit court, defendants made the point that the plaintiff trustee had no legal title to the said after-acquired property, and hence no right of possession, because at the time of the execution of the deed of trust the grantors therein did not actually own said property, and at the said time there was no potential ownership thereof in the grantors, that the only title in the trustee was, at best, an equitable one which would not of itself support a demand for immediate possession. See Bacot v. Varnado, 91 Miss. 825, 47 So. 113. The trustee thereupon conceded the point that his title was one enforceable only in equity, and moved the court to transfer the cause to the chancery court, which motion was overruled. The trial thence proceeded to judgment against the trustee and the sureties on his bond, and they have appealed to this court.

Appellants contend that the court should have transferred the case to the chancery court, or else, having failed to do so, should have applied equitable principles in the adjudication of the issues. We believe that all may agree upon two elemental requirements for the transfer of a cause from the circuit court to the chancery court: First, that the case shall be one which could and should have been brought in the first instance in the chancery court; and, second, that by the device of a transfer the plaintiff shall not be permitted to obtain or retain a substantial advantage which would not have been available to him had the suit been originally brought in chancery. Conceding that the first requirement was present here, appellants are met with an insurmountable difficulty in the second. For, if the case had been brought originally in chancery, plaintiff could not have obtained possession of the property in advance of the hearing, as he did here, except under a writ of sequestration, and no facts are shown here which would have entitled him to that writ. The only way that plaintiff could have his motion to transfer sustained, under the facts in this case, was to have tendered the cattle to the defendants with his motion, and offered and tendered at the same time all damages for their detention, and this the plaintiff did not offer or tender. Since it follows that the court was correct in refusing to transfer, it follows also that the trial had to proceed as one in replevin, and obviously a circuit court in an action of replevin cannot administer equity or apply principles cognizable only in equity.

The jury returned a verdict in favor of defendants, and assessed the value of the property at two hundred sixty-five dollars, and the damages at two hundred twenty-seven dollars and sixty cents, and a judgment was entered by the court for the aggregate of these sums, plus interest thereon, making a total of five hundred two dollars and forty cents. Appellants assign as error that the judgment could not lawfully exceed the penalty of the

bond. At common law, damages were not recoverable by a defendant in replevin. The judgment for defendant was for a restoration of the property and costs. 54 C. J. p. 613. This rule has been changed by modern statutes, and, under section 3100, Code 1930, there is a general provision that, where no bond is given, the damages sustained shall be assessed against the party liable, which in the case of an unsuccessful party plaintiff would be against that party. Since an unsuccessful party plaintiff is liable for the damages sustained and assessed even when he has given no bond, it follows that his liability for damages is none the less when he has given bond. His liability is not on account of the bond, but is independent of the bond. Appellees confess 'n their brief, however, that the damages assessed against the party plaintiff in this case are excessive to the extent of thirty-three dollars and eighty cents, and the judgment against Myers, the party plaintiff in replevin, will be modified so as to deduct said excess.

As to the sureties on the bond, the stated contention of appellants is well grounded. No recovery could have been had against the sureties except for their said bond. Except for their bond given in the case, the sureties would have been no parties to the record, and, not being parties, no judgment for any sum could have been rendered against them. They have become parties to the record of the suit solely by virtue of their bond, and it follows as an elementary proposition that, since they have been introduced into the record solely by their bond, their liability cannot extend beyond that undertaken by the bond. 54 C. J. 647. See, also, Menken v. Frank, 57 Miss. 732. The proper procedure to procure a sufficient bond, so as to have sureties in a sufficient amount to recover all damages, is provided by section 3093, Code 1930, which was not followed in this case. The judgment against the sureties must be modified so as to limit their liability to four hundred dollars, plus interest from Oc-

tober 31, 1931, the date of the judgment in the trial court, and costs in the trial courts.

We have given careful consideration to the other assignments urged by appellants, and find that there is no error in the record other than above mentioned.

Reversed and modified, judgment here for appellees.