TURNAGE *et al. v.* RILEY *et al.*

(Division B.    Jan. 28, 1935.    Suggestion of Error overruled Feb. 25, 1935.)

[158 So. 785.    No. 31549.]

**G. Wood Magee,** of Monticello, for appellants.

**E. B. & H. J. Patterson**, of Monticello, and **R. T. Hilton**, of Jackson, for appellees.

Argued orally by **G. Wood Magee**, for appellant, and by **R. T. Hilton**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Jefferson D. Riley, E. C. Myers, substituted trustee, and Ovie L. Berry, filed a bill in the chancery court of Lawrence county for an injunction against Bessie and Nell Turnage, minors, G. Wood Magee, and Willard Bourn, sheriff, alleging that, on October 24, 1931, the said Jefferson D. Riley was doing business as F. L. Riley Mercantile Company, and recovered a judgment for the

sum of five hundred thirty-two dollars and sixty-two cents and costs amounting to thirty-six dollars against Mr. and Mrs. H. L. Daughdrill in said court, and that said judgment was duly enrolled. It was further charged that E. C. Myers, substituted trustee for and on behalf of Jefferson D. Riley, replevied certain personal property from Mr. and Mrs. H. L. Daughdrill by virtue of a deed of trust held by said Riley. It was also alleged that, at the same time, a judgment was rendered in favor of Mr. and Mrs. H. L. Daughdrill for damages and the value of certain cattle replevied by said trustee, in the sum of five hundred two dollars and forty cents and seventy-five dollars and sixty-five cents costs, against said Jefferson D. Riley, E. C. Myers, and Ovie L. Berry, and that they appealed therefrom to the Supreme Court, which reversed the judgment and entered one reducing the amount thereof. See Myers et al. v. Daughdrill, 163 Miss. 298, 141 So. 583.

It was further alleged that on October 30, 1931, there was an assignment from Mr. and Mrs. H. L. Daughdrill to Bessie and Nell Turnage and G. Wood Magee, attorney, of the proceeds of any judgment to be obtained by Mr. and Mrs. Daughdrill in the suit of E. C. Myers, substituted trustee, et al. v. Mrs. H. L. Daughdrill et al. At the time this assignment was made, the case was being tried and the circuit judge had announced his intention of giving a peremptory instruction in favor of the defendant and against Myers, Riley, and Berry, and the cause proceeded with the evidence as to the value of the cattle and the damages to be awarded. The assignment was made at the noon recess, and the trial ended about 5 P. M. The assignment was filed with the papers in the cause.

After rendering this judgment against Myers, Riley, and Berry, they filed a motion to have the judgment offset against the one in favor of Jefferson D. Riley against Mr. and Mrs. H. L. Daughdrill. The motion was taken

under advisement by the circuit judge, but the final ruling thereon is not contained in the record, and it is stated that it could not be found.

The defendants in the case at bar filed as part of their answer a copy of the motion to offset the judgment in the circuit court, and of the assignment of errors on the appeal to the Supreme Court, and also filed as part of their answer, a portion of the brief of the appellant arguing same, and pleaded res adjudicata.

It was shown in the evidence that the cattle involved in the replevin suit and for which damages were sought and recovered against Myers, Riley, and Berry belonged to Bessie and Nell Turnage. There was no proof to the contrary, except it is contended that the judgment rendered in favor of Mr. and Mrs. H. L. Daughdrill conclusively adjudged the title thereof to be in them.

The chancellor, on the final hearing in this cause, rendered an opinion which he made a part of his decree, holding that the assignment was without consideration and was void as against the judgment in favor of Jefferson D. Riley against Mr. and Mrs. H. L. Daughdrill. He also held that the plea of res adjudicata was not good.

The cattle involved in the suit were not specifically conveyed by the deed of trust, but the deed of trust contained what counsel and the court below termed a "brush broom" clause, that is, a clause embracing all after-acquired property, and it is under this clause that the replevin suit was instituted by which Riley claimed the cattle to satisfy his deed of trust. As stated, the jury found against Riley on this claim, and that judgment was affirmed on appeal denying his right to the cattle. Therefore it was adjudicated that the cattle were not embraced in the deed of trust.

Replevin is a suit involving the right of possession of personal property, and does not necessarily involve title, nor does it adjudicate title, although title may, and frequently does, determine the right of possession.

The judgment in favor of the Daughdrills under the writ of replevin did not adjudicate that the title was in the Daughdrills, but merely adjudicated that, as between the Daughdrills and Riley, the said Riley did not have the right of possession, and that the Daughdrills did have the right of possession.

The defendants Bessie and Nell Turnage filed a claimants' affidavit, but neither the Turnages nor the Daughdrills gave any bond for the forthcoming of the cattle, and, after the time in which to give a bond had expired, the trustee in the deed of trust gave a bond with Jefferson D. Riley and Ovie L. Berry as sureties.

It is true that, by agreement of counsel, the claimants' issue was to be tried along with the issue between the trustee and the Daughdrills, but, while the suit was pending and before judgment was rendered, the assignment above mentioned was made by which the Daughdrills assigned to the Turnages their claims to the fruit of the judgment representing the cattle and damages for their detention. This assignment removed the necessity of settling the issue as between the Turnages and the Daughdrills. The Daughdrills did not choose to contest the claimants' right to the cattle involved, and the damages for their unlawful detention. By section 3103, Code of 1930, it is provided that, "After the trial of the action of replevin, an issue shall be made up between the successful party and the claimant as to the validity of his claim, and a trial shall be had," etc. This section gives the claimant the right to contest his rights with the successful party. But the assignment removed the necessity of making such contest.

Section 3104, Code of 1930, provides that, "If the issue be found in favor of the claimant, he shall have judgment for the property, and if a bond were given by either party to the replevin suit, he shall recover on the bond, as if it had been payable to him; and any judgment recovered in the trial of the action by the party between whom and

the claimant the issue may be, shall, in case of the determination of such issue in favor of the claimant, inure to his advantage, to the extent of his rights, as if such judgment had been rendered in his favor." This section has the effect of giving the claimant the full right to recover the fruit of the judgment in favor of the Daughdrills.

In the case at bar, had there been no assignment, the claimants could have proceeded to have their rights against the Daughdrills adjudicated, and if they won on the claimants' issue, as they must have done under the testimony in this record, the judgment would have inured to their benefit.

These sections gave the claimants rights which Myers, Riley, and Berry could not prejudice by offset.

From the evidence contained in this record, it is difficult to see upon what theory the assignment could be considered as a voluntary assignment, but, even if it had been voluntary, the appellees had acquired no right to a set-off, because the judgment had not been rendered, and unliquidated demands cannot be used as a set-off. The judgment in favor of Riley against the Daughdrills did not constitute a lien upon choses in action, because choses in action are not subject to liens, and no offset was available until the claim had been reduced to judgment. It was held in the case of Holly v. Cook, 70 Miss. 590, 13 So. 228, that "Where, pending an action, defendant therein recovers a judgment against plaintiff, the latter, after recovering his judgment, cannot maintain a bill in chancery to compel the setting off of the two judgments, if, before such recovery by plaintiff, defendant had assigned his judgment.

"In such case, it is immaterial that, when plaintiff recovered his judgment, he had no notice of such assignment by defendant. Section 1124, Code 1880 [our anti commercial statute], providing for the assertion of offsets and other defenses against notes and other writings

for the payment of money had prior to notice of their assignment, has no application to judgments.''

We are therefore of the opinion (without deciding whether it was res adjudicata in the circuit court to move for a set-off and for the final judgment not to allow the set-off) that the chancery court had no power, in the case at bar, to allow the set-off involved in this suit. The judgment of the chancery court will therefore be reversed, and the bill dismissed.

Reversed and dismissed.