478 So.2d 253 (1985)
W.C. HALL, Jr.
v.
David E. CORBIN, Gay Jetton, and Marion L. Costello, as Executor of the Estate of Linnie B. Hall.
No. 54747.
Supreme Court of Mississippi.
October 2, 1985.
Mark W. Prewitt, Prewitt & Courteau, Vicksburg, for appellant.
J. Stanford Terry, Edley H. Jones, III, Ward, Martin, Terry, King & Sorey, Vicksburg, for appellee.
En Banc.
*254 ANDERSON, Justice, for the Court:
This case presents issues involving the scope of jurisdiction and available remedies in circuit court ancillary to a replevin action now that we are under the Mississippi Rules of Civil Procedure. In the end we hold that in such an action, a claim by another party asserting a non-possessory interest in the property may be asserted within the ancillary jurisdiction of the circuit court, so long as there is a common nucleus of operative fact between such claim and the original complaint in replevin. Such party may intervene in the circuit court replevin action, even though his claim is of equitable origins.
Linnie B. Hall, while in the hospital and seriously ill, wrote a check for $6,000, drawn on her personal account, and transferred that amount to a joint account with her husband, W.C. Hall, appellant herein. The following day, May 6, 1982, Mr. Hall withdrew $5,000 from the joint account and used it, together with a loan to purchase an automobile for a total cost of $11,016.51. He had the automobile titled in his name alone.
Three days after purchasing the automobile, Hall permitted the appellee, Gay Jetton, his wife's sister, to drive the automobile to the hospital to visit his wife Linnie Hall. Jetton never returned the automobile and eventually on September 15, 1982, Hall filed a "complaint in replevin" seeking to recover from Jetton and appellee David Corbin, at whose residence the automobile was alleged to be located.
Hall complied with the statutory requirements for an action in replevin and Corbin and Jetton filed an answer generally denying that Hall was entitled to possession. On the same day, appellee, Marion Costello filed a motion to intervene "individually and as agent and attorney in fact for Linnie B. Hall". In their complaint in intervention, Costello and Linnie Hall alleged that Linnie had a possessory interest in the automobile and she had permitted Costello to use and possess it during her illness. Further, they allege that W.C. Hall had fraudulently used Linnie's funds to obtain the automobile in his name only without Linnie's permission. They sought both possession and a lien in favor of Linnie Hall.
The circuit court permitted intervention, finding that intervenors "claim and defense and the main action of replevin have a question of law and fact in common." Subsequently, Linnie Hall died and Costello then moved to intervene as executor of her estate, adopting the prior complaint in intervention. The court granted this motion.
The cause proceeded to trial on the merits. During the trial Costello conceded that the estate did not claim a possessory interest in the automobile. At the conclusion of the trial, the court entered final judgment awarding possession of the automobile to W.C. Hall, but impressed upon it a lien in favor of Linnie Hall's estate in the amount of $2,050. That amount was arrived at by giving consideration to a number of factors, including W.C. Hall's payment of monthly installments on the loan and his non-use of the automobile for several months from May to October. From this judgment W.C. Hall appeals assigning as the sole error that the trial court exceeded its jurisdiction to allow Costello to intervene as executor, where he did not claim possession and awarding an equitable lien to the estate.
The questions presented by this assignment of error are as follows: (1) is this intervention permitted under our replevin statutes, and if not, is it permitted under the Mississippi Rules of Civil Procedure (MRCP); and, (2) if the intervention is permitted, is the relief granted within the jurisdiction of the circuit court? We answer these questions in the affirmative. Prior to the adoption of the MRCP, replevin was a purely statutory procedure. The case of Myers v. Daughdrill, 163 Miss. 298, 141 So. 583 (1932), held the circuit court could not "administer equity or apply principles cognizable only in equity." Also, General Motors Acceptance Corp. v. Fairley, 359 So.2d 1386, 1388 (Miss. 1978), stated, "no provision is made under ... (our replevin statutes) for a judgment of money, except *255 for the wrongful taking, detention, value of a specific property or damages for wrongful swearing out of the writ." Properly understood, these holdings are premised in the view that there was no procedural mechanism available whereby the barred claims could be asserted, not that they were beyond the subject matter jurisdiction, albeit ancillary variety, of the circuit court.
The statute provides that the third person who "claims to be the owner or entitled to the possession of goods or chattels involved in a replevin action ... may intervene in said action and present his claim under oath." Mississippi Code Annotated, Section 11-37-149 (1972). This Court has also held that "facts amounting to a recoupment may also allege in the answer an affirmative defense to the plaintiff's right of possession or interest in the property, but facts may not be pleaded in the answer which amount to a counterclaim to set off or establish unrelated debts or demands." Carruth v. Easterling, 247 Miss. 364, 150 So.2d 852, 853 (1963).
When viewed against this background, it is clear that, even if we disregard Rule 24, MRCP, the circuit court's initial decision to allow Linnie Hall to intervene was proper. Linnie Hall was a third person claiming both that she was the owner of an interest in the automobile and that she was entitled to possession and she was therefore directed by statute to intervene. MCA § 11-37-149 (1972). Moreover, under MCA § 11-37-153, Linnie Hall's executor is permitted to revive her claim by intervention. MCA § 91-7-233.
Appellant suggests, however, that problems arise when the intervenor seeks equitable relief and when during the course of proceedings the intervenor renounces any claim to possession. Appellant argues that his motion to strike intervenor's claim for equitable relief should have been granted and once intervenor relinquished his claim to possession, he should have been dismissed from the action, citing Ferris v. Hawkins, 418 So.2d 811 (Miss. 1982). This leads to consideration of the nature of ancillary jurisdiction, now wholly unmasked by the Mississippi Rules of Civil Procedure on this matter.
We (and every other court in the land) have long held that once a court acquired actual subject matter jurisdiction of an action, other claims (whether asserted by the one or more of the original parties or by new or intervening parties), ancillary or pendent to the original claim could also be litigated in that action even though the ancillary or pendent claim standing alone may have been beyond the court's jurisdiction. To fall within pendent or ancillary jurisdiction, the intruding claim must arise out of the same transaction or occurrence as the principal claim or, as others put it, out of a common nucleus of operative fact. The principal context in which we have recognized these notions is that where "legal claims" have been asserted in chancery court, pendent to the principal equity claim. Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 464 (Miss. 1983); Burnett v. Bass, 152 Miss. 517, 521, 120 So. 456 (1929). There is no reason or principle why the converse should not also be true: where a circuit court has jurisdiction of an action at law, it may hear and adjudicate in that action all claims, including those with an equitable smell, arising out of the same transaction and occurrence as the principal claim. Compare Shaw v. Owen Gin Co., 229 Miss. 126, 133, 90 So.2d 179, 181 (1956); see also, Tideway Oil Programs v. Serio, supra, at 463-64 fn. 3 and accompanying text. Indeed, the converse would appear even more appropriate in that our circuit courts are courts of general jurisdiction, Miss. Const. art. 6 § 156 (1890), while our chancery courts are regarded as courts of special or limited jurisdiction. Barnes v. McLeod, 165 Miss. 437, 140 So. 740, 741 (1932).
In this view we hold that the claim of intervenor Costello as originally filed and as revived was within the jurisdiction of the circuit court ancillary to the original action in replevin. This holding does not depend upon any enlargement of jurisdiction effected by the MRCP, for those rules *256 neither pretend to nor have power to enlarge jurisdiction. Rule 82(a), MRCP. These rules at most sweep away procedural barriers to the assertion of claims otherwise within the court's jurisdiction.
The circuit court was apparently proceeding under Rule 24 of MRCP when it allowed intervention because it did not refer to a statute and made the explicit finding required under Rule 24(b)(2) for permissive intervention. This is appropriate if the MRCP applies. To answer that question, we shall set aside for the moment, the general policy reasons for the applicability vel non of the MRCP and examine the impact of Rule 64, which refers specifically to replevin, as follows:
SEIZURE OF PERSON OR PROPERTY
At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law. These remedies include attachment, garnishment, replevin, claim and delivery, sequestration and other corresponding or equivalent remedies, however designated and regardless of whether the remedy is ancillary to an action or must be obtained by an independent action.
The comments on Rule 64 explain that it is "impractical at this time to draft a comprehensive procedural rule governing this area," and that "the provisional remedies available under Mississippi law for the seizure of persons or property as security for satisfying a judgment that ultimately may be entered in a civil action continue to be available under the MRCP. Those remedies are to be resorted to in accordance with the statutory law; see, e.g., MCA § 11-37-101, et seq. (replevin).
This Court has had occasion to address Rule 64 in First Miss. Natl. Bank v. KLH Industries, Inc., 457 So.2d 1333 (Miss. 1984), we examine the rule as it applied to garnishment proceedings. We concluded that Rule 64 has no application to postjudgment garnishment proceedings and that such proceedings are governed by Rule 69(a) which provides specifically that "process to enforce a judgment for the payment of money shall be by such procedures as are provided by statute." We went on to hold that "the procedural rule by which a party seeks to enforce or resist enforcement of, the remedy of garnishment is that provided in our garnishment statutes, supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with those statutes." KLH Industries, Inc., supra, at 1338.
We again, treated Rule 64 in Universal Computer Services, Inc. v. Lyall, 464 So.2d 69 (Miss. 1985) and held that as to pre-judgment attachment proceedings, the statute governs relying on the reasoning expressed in First Miss. Natl. Bank v. KLH Industries, Inc., supra. We now hold that replevin proceedings are governed by our statutes, § 11-37-101, et seq., supplemented only by so much of the MRCP as are not inconsistent with those statutes.
The question now is: To what extent are the actions of the trial court sanctioned by rules which are supplementary to and not inconsistent with our statutory scheme? Rule 2 provides that there shall be but one form of action known as "civil actions." In Dungan v. Dick Moore, Inc., 463 So.2d 1094 (Miss. 1985), we held that a replevin action was a civil action under the rule. We noted that writs had been abolished and held that damages were to be assessed on a motion for same, rather than by writs of inquiry. Rule 2 is not inconsistent with our replevin statutes.
Rule 24 is also supplementary to our statutes rather than inconsistent with them. Section 11-37-49 mandates intervention by those claiming a possessory interest in the subject property, it does not by its terms preclude the adjudication of other issues between the parties, especially as those issues relate to the subject property. *257 Allowing this intervention in no way enlarges the jurisdiction of the circuit court. That jurisdiction, subject matter variety, vested by virtue of the filing of a proper complaint in replevin by Hall. The claim in intervention arises out of the same transaction or occurrence[1] as the original claim in replevin and thus lies within the adjudicatory power of the circuit court because it is a part of the same case over which that court has already acquired jurisdiction. We hold that intervention was properly permitted.
Once intervention is permitted under the rules, it follows that intervenors may join as many claims as they have against the opposing party. Rule 18, MRCP. By virtue of the familiar concepts of ancillary or pendent jurisdiction, it does not matter that some of the claims sound in equity. We have recognized on many occasions that under the rule, circuit courts may be called upon to grant equitable relief where such claims are ancillary to the civil actions in law in order "to secure the just, speedy and inexpensive determination of every action." Rule 1, MRCP. Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 463-64 fn. 3, (Miss. 1983).
For the foregoing reasons, the judgment below is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
WALKER, P.J., and HAWKINS, J., dissent.
WALKER, Presiding Justice, dissenting:
This case should be styled "A Prelude to the Creation of a Unified Court System."
I respectfully dissent from the holding of the majority that the circuit court, in a replevin action, may entertain a claim for and establish an equitable lien on an automobile action in favor of an intervenor, under the guise of what the opinion refers to as "pendent or ancillary jurisdiction."
The establishment of an equitable lien on property whether it be real or personal is by its very nature and name cognizable only in a court of equity under all previous Mississippi authority, statements to the contrary within the majority opinion notwithstanding. The court which administers equity in this State is the chancery court.
All of the cases relied on by the majority opinion were chancery court cases.
This writer readily agrees that we have held that when a chancery court takes jurisdiction of a claim that is principally equitable and that "legal claims" have been asserted therein arising out of or closely related to the equitable claim, that the chancery court, as a court of equity, has the power to do "complete justice to all of the parties involved." But, the majority opinion goes further and makes the broad and bold statement that "There is no reason or principle why the converse should not also be true: where a circuit court has jurisdiction of an action at law, it may hear and adjudicate in that action all claims, including those with an equitable smell, arising out of the same transaction and occurrence as the principle claim." Citing Shaw v. Owen Gin Co., 229 Miss. 126, 90 So.2d 179 (1956); and Tideway Oil Programs v. Serio, 431 So.2d 454 (Miss. 1983). Those cases do not support that statement.
The circuit court is a creature of statute and only has such authority as is conferred upon it by statute. The majority opinion has not cited any Mississippi case which has upheld the circuit court's authority to administer equitable relief.
The majority recognizes that Rule 82(a) of the Rules of Civil Procedure provides that "These rules shall not be construed to extend or limit the jurisdiction of the courts of Mississippi," but does not adhere to that admonition.
*258 Furthermore, Rule 2 of the Mississippi Rules of Civil Procedure makes it clear that the distinction between actions at law and actions in equity were not to be affected by the rules. Rule 2 comment provides in part as follows: "... The abolition of the forms of action furnishes a single, uniform procedure by which a litigant may present his claim in an orderly manner to a court empowered to give him whatever relief is appropriate and just; the substantive and remedial principles that applied prior to the advent of these rules are not changed. What was an action at law before these rules is still an action founded on legal principles and what was a bill in equity before these rules is still a civil action founded on principles of equity." (Emphasis added).
Rule 2 makes it abundantly clear that a litigant shall present his claim in an orderly manner to a "court empowered to give him whatever relief is appropriate and just." The establishment of equitable liens has historically been the province of the chancery court, and the circuit court has no such jurisdiction  whether it be original, ancillary or pendent!!
What I perceive from this opinion, Tideway Oil Programs v. Serio and First Miss. Natl. Bank v. KLH Industries, Inc., is a well-charted[1] course leading to the abolishment of any distinction between the circuit and chancery courts. If this is to be, it should be done by the duly elected representatives of the people through legislative action, NOT BY THIS COURT.
For the above reasons, I dissent.
HAWKINS, J., joins this dissent.
NOTES
[1] The phrase "the same transaction or occurrence" used so often in this opinion and in the MRCP has been usefully discussed in Robertson, Joinder of Claims and Parties, 52 Miss.L.J. 37, 51-56, 65-67 (1982).
[1] I fully expect to see this case, Tideway Oil and First Miss. Natl. Bank cited as authority for this purpose in many cases to come.