ROBERTS, J.,
for the Court:
111. After Willie Crowell fell behind in his rent payments, his landlord changed the locks on his auto-repair shop and had the vehicles on the property towed. Cro-well filed a replevin action against the towing company for the return of the vehicles, and an unlawful-reentry action against his landlord. The trial court involuntarily dismissed both claims as merit-less. We reverse. Crowell met the statutory requirements to maintain his replevin action, and the evidence showed Crowell’s landlord acted without authority in using self-help to reenter the property. The replevin action is remanded, as a full hearing is necessary to determine which party has a superior possessory right to the towed vehicles. The unlawful-reentry issue is rendered in favor of Crowell, as the landlord failed to provide Crowell with a notice and hearing before reentering the property.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 21, 2009, Crowell entered a handwritten one-year lease agreement with Fani Atkinson for the rental of one acre of land and a metal building owned by Atkinson. The term of the lease was from January 1, 2010, to December 1, 2010. Crowell used the premises as an auto-repair shop. After Crowell became several months delinquent in his rent, Atkinson issued Crowell a notice of default on August 18, 2010. As of the date of the notice, Crowell owed $2,250 in past-due rent. The notice informed Crowell that he had until September 19, 2010, to clear his delinquency or vacate the property. The notice also provided that on September 18, 2010, all equipment on the premises would be towed and impounded, and Crowell would be denied access to the premises after that date.
¶ 3. According to Crowell, he approached Atkinson on Friday, September 17, 2010, and offered to give her $2,800 in cash to extinguish his delinquency, but Atkinson refused. However, Atkinson denies this allegation. Atkinson contacted Anne Butts of Magnolia Wrecker & Towing Service to remove thirty-seven vehicles from the premises in the early morning hours between midnight and 5 a.m. on Sunday, September 19, 2010. Butts towed all thirty-seven vehicles to her business establishment. After the vehicles were towed, Atkinson replaced the lock on the property *722 gate with a new one. Later that day, Crowell arrived at the property and found that he had been locked out, and that all of his personal property, including the thirty-seven vehicles he claimed he rightfully possessed, had been removed.
¶ 4. On October 12, 2010, Crowell filed a replevin action in the County Court of Hinds County, naming Atkinson and Butts, d/b/a Magnolia Wrecker, as defendants. A bench trial was held in county court on May 3, 2011. Crowell testified and called Atkinson and Butts as adverse witnesses. Atkinson claimed her reentry was lawful because Crowell was behind on his rent, and Butts claimed that she rightfully possessed the vehicles through a statutory lien for the unpaid towing/storage fees. Crowell countered that because Atkinson unlawfully ordered the vehicles towed, he should not have to pay the towing/storage fees. Crowell also sought to discuss Atkinson’s breach of the lease agreement. However, the trial court was informed that Crowell had a separate civil action pending against Atkinson and Butts covering all matters surrounding the lease agreement. Thus, the trial court declined to address those issues.
¶ 5. At the conclusion of Crowell’s casein-chief, Atkinson and Butts moved for an involuntary dismissal.[1] Finding that Cro-well failed to show he was entitled to immediate possession of the vehicles and that Atkinson lawfully reentered the property, the trial court dismissed Crowell’s case with prejudice. Crowell appealed to the Hinds County Circuit Court, which affirmed the county’s court decision. Cro-well now appeals the circuit court’s order.
STANDARD OF REVIEW
¶ 6. The grant or denial of a motion under Rule 41(b) must be supported by substantial evidence and is reviewed for manifest error. Milligan v. Milligan, 956 So.2d 1066, 1072 (¶ 14) (Miss.Ct.App.2007) (citing Stewart v. Merchs. Nat’l Bank, 700 So.2d 255, 259 (Miss.1997)). “Involuntary dismissals are rightly granted during a non[]jury trial pursuant to Mississippi Rules of Civil Procedure 41(b) at the close of the plaintiffs case-in-chief for failure to show a right to relief.” Milligan, 956 So.2d at 1072 (¶ 14) (citing Glover v. Jackson State Univ., 755 So.2d 395, 404 (¶23) (Miss.2000)). Unlike the standard for a motion for a directed verdict, “the [trial court] should review the evidence fairly, and not in the light most favorable to the plaintiff....” Id. (citing Century 21 Deep S. Properties Ltd. v. Corson, 612 So.2d 359, 369 (Miss.1992)). “The result is that the ruling for an involuntary dismissal is practically equivalent to a finding of fact.” Id. (quoting Ainsworth v. Callon Petroleum, Co., 521 So.2d 1272, 1274 (Miss.1987)).
¶ 7. Because this appeal originated in county court, “[t]he county court was the fact[-]finder, and the circuit court, as well as [the appellate court], are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong.” Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990). We must “assume[ ] the [county court] judge made all necessary findings of fact in favor of appel-lee, whether stated or not.” Id.
*723 ANALYSIS
I. REPLEVIN
¶ 8. Crowell claims the trial court’s judgment dismissing the replevin action with prejudice was reached in error. We agree.
¶ 9. We first note that while both Butts and Atkinson were named as defendants in Crowell’s replevin action, “[r]e-plevin lies alone against the party in possession at the time the action is begun.” Ainsworth v. Blakeney, 232 Miss. 297, 304, 98 So.2d 880, 883 (1957). It is undisputed that Butts possessed all but one of the vehicles when the action began, and seeks to retain possession until the towing/storage fees are paid. Atkinson has never possessed any of the vehicles, nor has she ever sought possession of the vehicles. Therefore, our discussion of the replevin action is limited to Crowell’s claim against Butts.[2] The unlawful-reentry action against Atkinson is an ancillary matter, which we will discuss separately.
¶ 10. Replevin is a possessory action for personal property governed by statute. Ferris v. Hawkins, 418 So.2d 811, 813 (Miss.1982); see also M.R.C.P. 64 cmt. Mississippi Code Annotated section 11-37-101 (Rev.2012) states that an action for replevin may be maintained where a mov-ant sets forth under oath:
(a) A description of any personal property;
(b) The value thereof, giving the value of each separate article and the value of the total of all articles;
(c) The plaintiff is entitled to the immediate possession thereof, setting forth all facts and circumstances upon which the plaintiff relies for his claim, and exhibiting all contracts and documents evidencing his claim;
(d) That the property is in the possession of the defendant; and
(e) That the defendant wrongfully took and detains or wrongfully detains the same_
See also Miss.Code Ann. § 11-37-131 (Rev.2012) (requiring proof of section 11-37-101(a) through (e) even in complaints where immediate seizure of property under section 11-37-101 is not sought).
¶ 11. In dismissing Crowell’s replevin action, the trial court did not make findings, but simply adopted Atkinson’s counsel’s arguments made in Atkinson’s motion to dismiss. These arguments were joined by Butts’s counsel. Atkinson’s counsel argued:
[Crowell] has not attached a single [vehicle title or other document showing a right to possession] to any pleading filed in this matter much less the affidavit required by [section] 11-37-101. He has presented no proof today that he is entitled to immediate possession of any of these vehicles. Actually, the proof submitted to the Court is that he is not the owner to any of these vehicles and that they were nothing more than just sitting on his property and were moved because he was four or five months delinquent in his rent, which he had notice of.... [The vehicles’ owners] are the parties who are entitled to immediate possession of these vehicles and they have been put on notice of it.
¶ 12. Crowell is correct that the trial court’s ruling incorrectly focused on his failure to present documentation of the vehicles’ titles or a mechanic’s lien as proof of his right to possession. This was not *724 required for Crowell to pursue replevin. While Crowell was required under section ll-37-101(c) to present “all contracts and documents evidencing his claim,” this does not mean Crowell was required to show title ownership of the vehicles or a written and documented mechanic’s lien. “Replev-in is a suit involving the right of possession of personal property, and does not necessarily involve title.... ” Turnage v. Riley, 172 Miss. 83, 88, 158 So. 785, 786 (1935).
¶ 13. Crowell claimed possession of the vehicles under the theory of bailment. Black’s Law Dictionary 141 (6th ed.1990) defines “bailment” as:
A delivery of goods or personal property, by one person (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust. '
As evidence of the bailment relationship with the vehicles’ owners, Crowell presented a copy of his lease agreement with Atkinson, which showed he maintained the leased facility for “auto repair.” The parties do not dispute that Crowell maintained the premises as an auto-repair shop, as the lease describes. The lease also establishes that Crowell was a tenant of the premises before Atkinson used self-help to regain possession. Therefore, any property that was removed from the premises was presumed to be in Crowell’s possession, including the thirty-seven vehicles. Replev-in hinges on possession, not ownership; thus, the trial court’s focus on Crowell’s proof of ownership was incorrect. Ownership of the vehicles was not outcome determinative and should not have been an issue of contention in this action. We find Crowell set forth all that was required by section ll-37-101(c).
¶ 14. Crowell also presented sufficient evidence of the remaining requirements of section 11-37-101. In compliance with subsections ll-37-101(a) and (b), Crowell submitted an affidavit listing each vehicle held by Butts and its value. In compliance with subsection 11-37-101 (d), Crowell presented evidence showing that Butts un-disputedly possessed the vehicles at all relevant times, with the exception of one vehicle that was picked up by its owner prior to the service of the replevin summons on Butts. And in compliance with subsection (e), Crowell alleged that Butts’s possession was wrongful.
¶ 15. As Crowell presented sufficient evidence to maintain' his replevin action, the trial court’s dismissal was manifestly erroneous. We remand this case for a trial de novo on the merits between plaintiff Crowell and defendant Butts, as a hearing is necessary to determine which party is entitled to possession of the towed vehicles. Because the trial court dismissed the action at the close of Crowell’s case-in-chief, Butts has not been given the opportunity to present her case. Butts claims she rightfully possesses the vehicles because of the unpaid towing/storage fees. Crowell claims he has the superior right to possession through bailment, and he claims he is the title owner of eight to ten of the vehicles. But no determination has been made as to which parties’ rights are superior.
¶ 16. The dissent argues that a trial de novo is unnecessary because it has already been established that Butts has no posses-sory right to the vehicles. Thus, the dissent would reverse and remand, but only to ensure Crowell is given immediate possession'of the vehicles that have not been redeemed by their title owners, or the *725 value thereof. The dissent finds that Butts has no right to retain the vehicles for the unpaid towing/storage fees because she failed to comply with Mississippi Code Annotated section 85-7-251 (Rev.2011). However, the trial testimony in Crowell’s case-in-chief has not conclusively established this. Section 85-7-251(1) gives a towing company the right to retain possession of a towed vehicle until the towing/storage fees are paid when the vehicle was towed “upon request of a real property owner upon whose property a vehicle has been left without permission of the real property owner for more than five (5) days.” This section does not distinguish between a property owner’s lawful or unlawful towing request. Butts testified she believed the towing request was lawful because Crowell was given more than five days’ notice that the vehicles would be towed. It remains unclear whether Atkinson’s request gave Butts superior authority to retain possession of the vehicles under the statute. This is for the trial court to determine. Moreover, Butts has never had the opportunity to present her case-in-chief to attempt to prove her possessory interest is superior to Crowell’s. If the trial court determines that Butts’s possession is proper under section 85-7-251(1), then the requirements of section 85-7-251(2) must also be met. Under section 85-7-251(2), the towing company is required to notify law enforcement within twenty-four hours if a vehicle is towed by a party other than its owner. If five days pass with no contact from the owner, the towing company must make a good-faith effort to locate the owner and lienholder. Id. The towing company must then provide notice that the vehicle will be sold at auction if not redeemed within ten days. Id. Because the case was dismissed at the end of Crowell’s case-in-chief, Butts has not been given an opportunity to testify as to whether she met any of these requirements. Thus, a hearing is necessary.
¶ 17. Because issues regarding the pos-sessory rights of the parties remain unresolved, remand for a new trial on the merits is warranted. Pursuant to Mississippi Code Annotated section 11-51-79 (Rev.2012), remand is to the circuit court docket for a trial de novo between Crowell and Butts.
II. RIGHT OF REENTRY TO THE LEASED PROPERTY
¶ 18. Within his replevin action, Crowell alleged that Atkinson unlawfully used self-help to reenter the leased premises without notice and remove his personal property. The trial court found that Atkinson’s self-help was lawful. Crowell argues the trial court’s decision was erroneous because the lease did not allow self-help.
 ¶ 19. Before considering this issue, we must address whether the trial court had jurisdiction to rule on this claim. In Hall v. Corbin, 478 So.2d 258, 254 (Miss.1985), the Mississippi Supreme Court addressed “the scope of jurisdiction and available remedies in circuit court ancillary to a replevin action ... under the Mississippi Rules of Civil Procedure.” The court found that the replevin statutes, Mississippi Code Annotated sections 11-37-101 to -157 (Rev.2012), may be “supplemented only by so much of the [Mississippi Rules of Civil Procedure] as are not inconsistent with those statutes.” Hall, 478 So.2d at 256. The court found that nothing in the replevin statutes precludes ancillary claims, even those arising in equity. Id. “To fall within pendent or ancillary jurisdiction, the intruding claim must arise out of the same transaction or occurrence as the principal claim or ... out of a common nucleus of operative fact.” Id. at 255; see also M.R..C.P. 20(a). We find the claims here arise from a common nucleus *726 of operative fact. Crowell claims Butts’s possession is unlawful because Atkinson towed the vehicles without authority to do so. The claims against both Butts and Atkinson stem from Atkinson’s action in using self-help to have the vehicles removed. Therefore, the trial court acted within its authority in ruling on the unlawful-reentry issue.
¶ 20. The trial court’s order states that “Atkinson had authority to re[ ]enter her property and lock out [Cro-well.]” Based on the trial transcript, it appears the trial court drew this conclusion from the following findings: (1) Atkinson did not need permission to reenter her own property, and (2) Crowell’s rent delinquency gave Atkinson cause to use self-help to have the vehicles removed from the property. The trial court’s findings are incorrect, as neither of these reasons support using self-help. “Mississippi’s landlord lien statute does not authorize a landlord to use self-help to seize property of the tenant.” Bender v. N. Meridian Mobile Home Park, 636 So.2d 385, 389 (Miss.1994). Because self-help is not statutorily authorized, “nonpayment of rent does not operate in the absence of a provision therefor in the lease as a forfeiture of the term or confer upon the lessor the right of re[]entry.” Clark v. Serv. Auto Co., 143 Miss. 602, 604, 108 So. 704, 706 (1926). If no such authority is given in the lease, the landlord is required to comply with “[a]ll of the provisions of law as to attachment for rent and proceedings thereunder....” Miss.Code Ann. § 89-7-51(2) (Rev.2011). These provisions require notice and a hearing. Miss.Code Ann. §§ 89-7-55 to - 125 (Rev.2011). In other words, reentry or self-help may only be used without notice and a hearing if it is permitted in the lease. The lease here contained no such provision. Neither Atkinson nor Crowell disputes that fact.
¶ 21. Because there was no lease provision allowing self-help, Atkinson was required to provide Crowell with notice and the opportunity for a hearing before locking him out of the property. Also, Atkinson had no authority to order the vehicles towed from the premises. Though Atkinson issued a notice of default to Crowell informing him that his property would be removed if he did not bring his rent current by September 18, 2010, the notice did not take the place of a valid forfeiture clause in the lease agreement and give Atkinson the right to deprive Crowell of property that was in his possession.
¶ 22. As Atkinson had no right to reenter the premises to lock Crowell out and seize his personal property, we reverse and render this issue.
¶ 23. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND BARNES, J.

. Although described as a motion for a directed verdict at trial and on appeal, the motion was technically one for a Mississippi Rule of Civil Procedure 41(b) involuntary dismissal, as the case was tried before a judge, not a jury. A motion for a Rule 41(b) dismissal is appropriately made in "an action tried by the court without a jury " once the plaintiff “has completed the presentation of his evidence.” (Emphasis added). A motion for a directed verdict under Mississippi Rule of Civil Procedure 50 "does not apply to cases tried without a jury....” M.R.C.P. 50 cmt.

. Butts did not file an appellate brief, but rather filed a one-page document entitled "Pleading,” in which she states that she "joins the brief filed by Appellee Fani Atkinson and incorporates by reference said pleading as [her] own.” See M.R.A.P. 28(j).