# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-00763-SCT

*WILLIE CROWELL*

*v.*

*ANNE BUTTS d/b/a MAGNOLIA WRECKER &*
*TOWING SERVICE AND FANI ATKINSON*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:             04/12/2012
TRIAL JUDGE:                HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     ANDREW ROSS WILSON
ATTORNEYS FOR APPELLEE:     MICHAEL LEE DULANEY
                                  DANIEL SIDNEY DALE
NATURE OF THE CASE:         CIVIL - OTHER
DISPOSITION:                THE JUDGMENT OF THE COURT OF
                                    APPEALS IS AFFIRMED IN PART AND
                                    REVERSED IN PART. THE JUDGMENT OF
                                    THE HINDS COUNTY CIRCUIT COURT IS
                                    REVERSED AND REMANDED - 10/23/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.    In this replevin action, a tenant sued his landlord and a towing company, alleging

wrongful possession of several vehicles towed from the property he leased from the landlord.

The County Court of Hinds County granted the defendants' motion for involuntary dismissal,

and also found that the landlord's use of self-help was lawful. The Hinds County Circuit

Court affirmed. Finding that the plaintiff presented sufficient evidence to maintain the replevin action, the Court of Appeals reversed and remanded the replevin action for a trial de novo between the plaintiff and the towing company. It also found the landlord's use of self-help to be unlawful, and reversed and rendered that issue in favor of the plaintiff. Because we find that both the trial court and the Court of Appeals improperly addressed the issue of the landlord's use of self-help, we reverse the judgments and remand the replevin action to the trial court for a trial de novo.

## FACTS AND PROCEDURAL HISTORY

¶2. Most of the facts are taken from the Court of Appeals opinion.

On December 21, 2009, Crowell entered a handwritten one-year lease agreement with Fani Atkinson for the rental of one acre of land and a metal building owned by Atkinson. The term of the lease was from January 1, 2010, to December 1, 2010. Crowell used the premises as an auto-repair shop. After Crowell became several months delinquent in his rent, Atkinson issued Crowell a notice of default on August 18, 2010. As of the date of the notice, Crowell owed $2,250 in past-due rent. The notice informed Crowell that he had until September 19, 2010, to clear his delinquency or vacate the property. The notice also provided that on September 18, 2010, all equipment on the premises would be towed and impounded, and Crowell would be denied access to the premises after that date.

According to Crowell, he approached Atkinson on Friday, September 17, 2010, and offered to give her $2,800 in cash to extinguish his delinquency, but Atkinson refused. However, Atkinson denies this allegation. Atkinson contacted Anne Butts of Magnolia Wrecker & Towing Service to remove thirty-seven vehicles from the premises in the early morning hours between midnight and 5 a.m. on Sunday, September 19, 2010. Butts towed all thirty-seven vehicles to her business establishment. After the vehicles were towed, Atkinson replaced the lock on the property gate with a new one. Later that day, Crowell arrived at the property and found that he had been locked out, and that all of his personal property, including the thirty-seven vehicles he claimed he rightfully possessed, had been removed.

On October 12, 2010, Crowell filed a replevin action in the County Court of

Hinds County, naming Atkinson and Butts, d/b/a Magnolia Wrecker, as defendants.

*Crowell v. Butts*, 2012-CA-00763-COA, 2013 WL 6442149, at *1 (Miss. Ct. App. Dec. 10, 2013). On October 14, 2010, Crowell filed a Complaint to Enforce Right of Possession in Realty in the County Court of Hinds County solely against Atkinson, alleging that her entry onto the property and her removal of the vehicles were improper. On November 4, 2010, the court entered an Agreed Order of Consolidation of the two cases. On January 4, 2011, Crowell moved to sever the two cases, admitting that the proper venue for one of the cases was in a different judicial district of Hinds County. The court granted severance on January 7, 2011, and a trial was held solely on the replevin action on May 3, 2011.

> A bench trial was held in county court on May 3, 2011. Crowell testified and called Atkinson and Butts as adverse witnesses. Atkinson claimed her reentry was lawful because Crowell was behind on his rent, and Butts claimed that she rightfully possessed the vehicles through a statutory lien for the unpaid towing/storage fees. Crowell countered that because Atkinson unlawfully ordered the vehicles towed, he should not have to pay the towing/storage fees. Crowell also sought to discuss Atkinson's breach of the lease agreement. However, the trial court was informed that Crowell had a separate civil action pending against Atkinson and Butts covering all matters surrounding the lease agreement. Thus, the trial court declined to address those issues.

*Crowell*, 2013 WL 6442149, at *1.

¶3. During Crowell's testimony, he began to testify about Atkinson's entry onto the property. The defense objected to the "whole line of questions" as irrelevant, noting that the defense had stipulated that Butts had the cars, and it was not relevant how they were obtained. The court sustained the objection. Crowell continued to testify as to Atkinson's entry onto the property, and the defense then renewed the objection regarding relevance. The court then ruled that "I've already ruled that the issue of how or why Mrs. Atkinson engaged

3

people to re-enter that land is irrelevant to the issue of replevin." The court then expressed displeasure with Crowell's counsel in continuing the line of questioning. Crowell's counsel then asked: "You ruled that she had the right to re-enter the property?" The court responded "I'm ruling that she had the right to re-enter that property, and I'm ruling that the evidence that you are trying to enter right now is absolutely irrelevant to this proceeding."

¶4.    At the conclusion of Crowell's case-in-chief, Atkinson and Butts moved for directed verdict. The trial court granted the motion. Crowell appealed to the Hinds County Circuit Court, which affirmed the county court's decision. He then appealed to the Court of Appeals. The Court of Appeals found that Crowell had presented sufficient evidence to maintain his replevin action against Butts; thus the trial court's dismissal was manifestly erroneous. It thus reversed and remanded the issue for a trial de novo on the merits between Crowell and Butts. The Court of Appeals also found that the trial court had the jurisdiction to rule on the self-help "claim," and then found that Atkinson's use of self-help was unlawful, and thus reversed and rendered this issue.

¶5.    Butts and Atkinson each filed a motion for rehearing with the Court of Appeals, both of which the Court of Appeals denied. Each filed a petition for certiorari with this Court. We denied Butts's petition for certiorari, but granted Atkinson's, which argued that the trial court and Court of Appeals improperly addressed the issue of whether her use of self-help was lawful, and in the alternative, that Atkinson's use of self-help was indeed lawful. Therefore, we limit our opinion to addressing the issues surrounding Atkinson's use of self-help.

**ANALYSIS**

4

¶6.    "A motion for directed verdict granted by the court, sitting without a jury, is procedurally a dismissal on the merits under Mississippi Rule of Civil Procedure 41(b)." *Double J Farmlands, Inc. v. Paradise Baptist Church*, 999 So. 2d 826, 829 (Miss. 2008). This Court reviews a grant or denial of a Rule 41(b) motion to dismiss under the substantial evidence/manifest error standard. *Id.* "In considering a motion to dismiss, the trial judge should consider the evidence fairly, as distinguished from in the light most favorable to the nonmovant, and should dismiss the case if it would find for the movant." *Id.* (internal quotations omitted). "The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiff's evidence were all the evidence offered in the case." *Stewart v. Merchants Nat'l Bank*, 700 So. 2d 255, 259 (Miss. 1997) (quoting *Century 21 Deep S. Props., Ltd. v. Corson*, 612 So. 2d 359, 369 (Miss. 1992)).

¶7.    The trial court found, on an objection to a line of questioning for relevance, that Atkinson's use of self-help was lawful. The Court of Appeals found that, under *Hall v. Corbin*, 478 So. 2d 253 (Miss. 1985), the trial court had the jurisdiction to address the self-help issue as an "ancillary claim" to the replevin action, and then found that Atkinson's use of self help was unlawful. We find that both the trial court and the Court of Appeals erred by rendering judgment on this issue.

¶8.    The Court of Appeals found that the trial court had jurisdiction to rule on the claim regarding self-help under *Hall*. We find this to be error, because *Hall* is inapposite. In *Hall*, a party moved to intervene in a replevin suit, presenting its claims in a complaint. *Hall*, 478 So. 2d at 254. The Court noted that "once a court acquired actual subject matter jurisdiction of an action, other claims . . . , ancillary or pendant to the original claim could also be

5

litigated in that action even though the ancillary or pendant claim standing alone may have been beyond the court's jurisdiction." *Id.* at 255. "[T]he intruding claim must arise out of the same transaction or occurrence as the principal claim, or, as others put it, out of a common nucleus of operative fact." *Id.* In the case at hand, no formal ancillary or pendant "claim" exists. Indeed, the claims against Atkinson are the subject of a separate lawsuit. Thus, neither the trial court nor the Court of Appeals had before it a formal claim regarding Atkinson's use of self-help; thus, rendering a formal judgment on the issue was inappropriate, as the claim was not before either court. Moreover, the Court of Appeals correctly noted that an action in replevin "'lies alone against the party in possession at the time the action is begun,'" and that "Atkinson has never possessed any of the vehicles, nor has she ever sought possession of the vehicles." *Id.* at *2 (quoting *Ainsworth v. Blakeny*, 98 So. 2d 880, 883 (Miss. 1957)). We therefore reverse the judgments of the County Court of Hinds County, the Hinds County Circuit Court, the Court of Appeals on this issue, as no ancillary claim regarding the use of self-help was before any of these courts.

¶9. We do not suggest, however, that the trial court is prohibited from examining the issue of Atkinson's use of self-help in the context of the replevin action. Crowell must show that Butts "wrongfully took and detains or wrongfully detains" the automobiles. Miss. Code Ann. § 11-37-101(e) (Rev. 2012). As the Court of Appeals noted, "Crowell claims he has the superior right to possession through bailment" and title, and "Butts claims she rightfully possesses the vehicles because of the unpaid towing/storage fees." *Crowell*, 2013 WL 6442149, at *4.

The owner of a motor vehicle that has been . . . towed upon request of a real

6

property owner upon whose property the vehicle has been left without permission of the real property owner for more than five (5) days, shall be liable for the reasonable price of towing and storage of such vehicle; and the towing company to whom the price of such labor and storage costs may be due shall have the right to retain possession of such motor vehicle until the price is paid.

Miss. Code Ann. § 85-7-251(1) (Rev. 2011). It is unclear from the record, given that a complete trial was not held, whether the vehicles in question met the standards outlined in the statute, including whether the vehicles had been left without permission of the property owner for more than five days. Furthermore, as the Court of Appeals noted, "[t]his section does not distinguish between a property owner's lawful or unlawful towing request. . . . It remains unclear whether Atkinson's request gave Butts superior authority to retain possession of the vehicles under the statute. This is for the trial court to determine." *Crowell*, 2013 WL 6442149, at *4. If the trial court reaches this issue, it is certainly conceivable that the trial court will need to examine, and even make findings on, the issue of whether Atkinson's self-help was lawful. However, that issue is not a "claim" for which the trial court should render formal judgment.

## CONCLUSION

¶10. We affirm the judgment of the Court of Appeals on the issue of replevin. However, because no formal claim exists in this case on the issue of Atkinson's use of self-help, no formal judgment should have been rendered on the issue. Therefore, the judgment of the Court of Appeals is affirmed in part and reversed in part, and the judgments of the County Court of Hinds County and the Hinds County Circuit Court are thus reversed and the case remanded to the Hinds County Circuit Court, for further proceedings consistent with this

7

opinion.

¶11.	**THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED.**

      **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**