## MARTIN *v.* BROADHEAD.

(Division B. September 22, 1947.)

[32 So. (2d) 133. No. 36556.]

ON MERITS.

(Division B. Oct. 27, 1947. Suggestion of Error Overruled Nov. 10, 1947.)

[32 So. (2d) 433. No. 36556.]

**Edwin A. Dunn,** of Meridan, for appellant.

**S. M. Graham**, of Meridian, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on motion.

Appellee filed a motion herein, with due notice to appellant, to strike pages 68 to 89 of the record, on the ground that "said matter is made up of an assignment of error, statement of facts and brief and reply brief on appeal from the County Court to the Circuit Court of Lauderdale County, and that it is improperly embodied in the appeal record, and only serves to encumber the record."

The assignment of error in the Circuit Court is a part of the record of the trial in that court from the County Court, and not due to be stricken. But the briefs thereon, filed in the Circuit Court, are not properly part of the

record to be transmitted here on appeal and should be stricken. They should not have been incorporated therein.

Rule No. 2 of this Court directs what the transcript of the record in the trial court should contain, and no provision is made therein for incorporating briefs filed in a lower court. 161 Miss. 903.

The motion, therefore, is sustained as to the statements of fact, arguments and briefs filed in the Circuit Court, set forth on pages 71 to 89, inclusive, of the transcript here; but overruled as to the assignment of errors, on pages 68 to 70, inclusive, of the transcript.

So ordered.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on merits.

This is an action in replevin, originating in the County Court of Lauderdale County, where the writ of replevin filed by Mr. Broadhead was dismissed. He appealed to the Circuit Court; and there, the judgment of the Circuit Court was reversed, and judgment rendered in favor of Mr. Broadhead, sustaining the writ of replevin and awarding him possession of the truck, which is the subject matter of the litigation. From the judgment of the Circuit Court Mr. Martin appealed here.

The facts are that one McNeill, a timber contrator, was employed by the Dixie Planing Mill to cut timber from their lands and to haul lumber and logs. On the 8th day of February, 1945, McNeill leased from the Dixie Planing Mill the truck involved, with an option of purchase under certain terms and conditions, not here necessary to set forth. However, this lease contained this pertinent provision: ''The lessee agrees to keep said property in repair and to pay all expenses therefor and in case of failure to pay for repairs by lessee the lessor may pay for same and charge the amount against lessee as rent.''

On or about January 3d, 1946, McNeill carried the truck to Martin's Garage for certain repairs necessary to its continued operability. On November 8, 1945, Dixie Planing Mill sold out to Mr. Broadhead, appellee here. Appellant and others were called into a conference and informed of the sale of the milling company to Mr. Broadhead, and all bills were paid for which work orders had been given. It was also announced that all of Dixie Mill's property was under deed of trust or lease agreement to Mr. Broadhead, and that neither one of the two contracting parties would thereafter be responsible, and that the individual operators were responsible for bills incurred by them. So testified a witness for appellee, Mr. Vordem Esche, a former employee of Dixie Planing Mill, who transferred to the service of Mr. Broadhead after the aforesaid trade. However, Mr. Martin, the appellant here, denied that he was required by notice to have work-orders on McNeill. So, when McNeill brought the truck into his shop for repairs in November and December 1945, and January 3d 1946, for repairs, he made them, as he had been accustomed to do. He said he later requested McNeill to settle, as he was expecting to get his money out of McNeill. McNeill said he was unable to pay the bill.

It will be borne in mind that on January 16, 1946, McNeill transferred everything he owned to Mr. Broadhead, to whom he was indebted in a sum of approximately $26,000. This was, however, approximately two weeks after the last repairs to the truck had been completed, and approximately two months after the date of the transfer to Mr. Broadhead of its property by Dixie Planing Mill.

In the meantime, the lease was not taken up, or cancelled, or sought to be, and the truck continued in the possession and control of Mr. McNeill, and was operated by him. So, when he left the truck with Martin's Garage for what appears, from the record, to have been necessary repairs, he was still under contractual obligation to "keep said property in repair and pay all expenses therefor

and in case of failure to pay for repairs by lessee the lessor may pay for same and charge the amount against lessee as rent.''

The lease became the property of appellee, Broadhead, on November 8, 1945, as did the truck, but McNeill no longer worked for Dixie Planing Mill, to whose rights and obligations appellee Broadhead succeeded. Therefore, as we see it, McNeill under the circumstances, and his contract, was required still to keep the truck in repair, and pay the expense thereof, but on failure of him to do so, the lessor (by then, Mr. Broadhead) was to do so and charge the amount to McNeill as rent. On January 3, 1946, the repairs had been completed, and, as stated, on January 16, 1946, McNeill made over everything he owned to appellee Broadhead, and thereby became insolvent, so that paying the mechanic's bill by appellee and charging same to McNeill would have amounted to little more than a bookkeeping entry. However, that was no fault of Martin's Garage. During this period, the truck was still in the shop of appellant Martin, whose demand for payment having been denied, he refused to surrender possession of the truck. On January 24, 1946, appellee sued out this writ of replevin for possession of the truck.

As pointed out, supra, the judgment of the County Court was in favor of the mechanic, appellant here, Mr. Martin, and the Judge of that Court, in his opinion said: ''In view of the lease agreement providing that he, (McNeill) as lessee, was to keep it in repair, the Court is of the opinion that inasmuch as Mr. Martin continued to retain possession of the truck until the time of the replevin, that the plaintiff (Mr. Broadhead) is not entitled, under all the facts in this case, to the right of possession of the truck at this time. Therefore the writ of replevin will be dismissed at the cost of the plaintiff'' (Mr. Broadhead).

In the Circuit Court, the judgment of the County Court was reversed and judgment rendered for Mr. Broadhead,

the Judge saying: ''That no notice was given to either the Dixie Planing Mill or to Mr. Sam Broadhead of these repairs and no authorization was had from either of them for these repairs to be made; said repairs being made as reflected by invoices dated January 3, 1946, . . . December 4, 1945, and November 26, 1945. It is therefore the opinion of the Court that the defendant, C. A. Martin, waived his rights to claim a lien against said truck, and that Mr. Sam Broadhead is entitled to the possession of the truck in question free of any lien against same. The proof is undisputed that notice was given by the agent of Broadhead not to make any repairs without an order, and the defendant himself said that he was looking to McNeill for his money, that he had always heretofore paid him.''

In this opinion, we think the learned Circuit Judge was wrong. As we read the record, evidence was not lacking in contradiction of the alleged notice to Martin's Garage, to which the trial judge referred as ''undisputed.'' However, even if such notice had been given, as appellee claims, we refuse to decide whether it would have freed Broadhead or McNeill from liability for the repairs, or would have pre-empted the truck from liability of a mechanic's lien for necessary repairs.

The fact that Mr. Martin said he looked to McNeil, strengthens rather than weakens his position, for the reason that the repair clause of the contract provided that the lessee McNeill, pay the expenses of the repairs. Then, upon his failure to do so, appellant was right in demanding payment from Mr. Broadhead, appellee here, who had then become the lessor, instead of Dixie Planing Mill.

This is so, because the same repair clause, in the lease, further provided that upon failure of the lessee to pay, the lessor would do so, and charge it to the lessee as rent. During all the time, from November 8, 1945, to and including January 3, 1946, it must be borne in mind, we reiterate, that the lessee McNeill continued to have the

truck under his control and possession, and the lease had not been taken-up, or cancelled, so that appellant Martin under the statute had the continuous right to look to the truck, as provided by Section 353, Code 1942, for a mechanic's lien as the ultimate security for payment of the repairs. Appellant, Martin, had the truck in his custody, when he was made defendant by appellee in this replevin action. The statute provides that ''the mechanic to whom the price of said labor and material may be due shall have the right to retain possession of such things so constructed, manufactured, or repaired until the price be paid.''

We have held that ''the rule of caveat emptor as to the ownership and recovery of personal property has long prevailed in this state; so it would make no difference whether the mechanic knew or did not know that the title to the car was in some other person than the one in possession when the repairs were made.'' Moorhead Motor Co. v. H. D. Walker Auto Co., 133 Miss. 63, 97 So. 486, 487, and the autorities therein cited. In the same opinion we also said: ''Nor does it make any difference whether the owner knew that the repairs were being made on the car, if he authorized them either expressly or impliedly; nor would knowledge be essential, where the repairs were reasonably necessary to preserve the property and permit its ordinary operation, and prevent deterioration. Under these circumstances of necessity, authority of the owner to repair would be implied.'' In the case at bar, one of the conditions of the lease required the lessee to keep the truck repaired when necessary, as the evidence shows it to have been here.

But, argues appellee, the notice to Martin to make no more repairs without a work-order changed all of that and abrogated the stated provision of the lease. The answer is that the lease remained in force and McNeill remained in possession of the truck, under the mandatory contractual duty to repair. The power and duty to do so was obligatory upon him. The County Judge heard

the case on conflicting facts, resolved them in favor of appellant, and held all parties to the terms of the contract, on which he based his decision. In our judgment, the County Court was correct, and the reviewing Circuit Court was wrong in reversing the lower court's judgment and rendering one in favor of appellee, on the record before it and us. We do not believe that appellant Martin did anything which can rightfully, according to the circumstances, the contract, and the law, be said to constitute a waiver of his mechanic's lien upon this truck.

It is our conclusion, therefore, that the judgment of the Circuit Court be and the same hereby is reversed and judgment entered here for appellant, dismissing the writ of replevin, as directed by the County Court.

Reversed and Judgment here for appellant.