GRIFFIS, P.J.,
DISSENTING:
¶23. I respectfully disagree with the majority and dissent.
¶24. On October 26, 2015, as the trial began, the circuit court dismissed the Rosses’ counterclaims without prejudice. The trial judge ruled:
*413 All right, well, I have a ruling on the counterclaims and they are hereby dismissed without prejudice.
Clearly, the case law states as in Finance America v. Durbin at 370, 1356, [sic], damages must be sought after judgment on the issue of possession and not by way of counterclaim. Clearly, the law of replevin simply does not allow— now, the counterclaims are dismissed, except as to the extent that they are legal defenses to the issue of replevin. But as far as the claims on their own which go forward in opposition to the replevin, they are dismissed without prejudice.
¶ 25. The majority refers to Durbin, but does not acknowledge that it was decided before the Rules of Civil Procedure governed. I admit my confusion with the majority’s ruling that it was legally proper for the Rosses’ counterclaims to be dismissed but to allow the Rosses to present their defense of breach of contract. The majority does not rely upon Durbin and does not attempt to argue how the circuit court was correct to apply it here.
¶26. Instead, the majority refers to a supreme court ruling that occurred before the Mississippi Rules of Civil Procedure were adopted. See Gen. Motors Acceptance Corp. v. Fairley, 359 So.2d 1386 (Miss. 1978). The majority cites the following from the opinion, “[ajfter a careful consideration of the office of replevin, we have reached the conclusion that the Laws of 1975, ch. 508, do not permit a defendant to file a counterclaim or recoupment except for the specific statutory damages.” Maj. Op. at (¶ 7) (citing Fairley, 359 So.2d at 1388). It should be noted that, in Fairley, the next two sentences read:
A replevin action is a possessory action for specific property and not a suit for monetary damages. No provision is made under the above law for a judgment of money, except for the wrongful taking, detention, value of the specific property, or damages for wrongful suing out of the writ.
Fairley, 359 So.2d at 1388. This is' no longer true. Under the Mississippi Rules of Civil Procedure, a defendant may assert either a compulsory or a permissive counterclaim.[4] It certainly appears to me that the Rosses’ counterclaims would be compulsory, because they “arise[] out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” M.R.C.P. 13(a).
¶ 27. Neither Durbin nor Fairley is governing authority here. Both of these cases were decided before the Mississippi Rules of Civil Procedure were adopted. By order dated May 26, 1981, the Mississippi Supreme Court adopted the Mississippi Rules of Civil Procedure (effective January 1, 1982). Mississippi Rule of Civil Procedure 1 provides:
These rules govern procedure in the circuit courts ... in all suits of ■ a civil nature, whether cognizable as cases at law or in equity, subject to certain limitations enumerated in Rule 81; however, even those enumerated proceedings are *414 still subject to these rules where no statute applicable to the proceedings provides otherwise or sets forth procedures inconsistent with these rules. These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.
(Emphasis added). First, Rule 81 does not exclude replevin actions from the Mississippi Rules of Civil Procedure. Second, a claim for replevin asks for immediate possession of personal property. Miss. Code Ann. §§ 11-37-101 & 11-37-141 (Rev. 2012). It requires the court to consider the ownership of the personal property. The Rosses’ counterclaims challenged whether they had any rights to the property. There is no need for a second action when, under Rule. 1, we are instructed to construe the rules “to secure the just, speedy and inexpensive determination of every action.” It only makes sense that all such claims should be brought in one action under the Mississippi Rules of Civil Procedure.
¶ 28. The majority cites Caterpillar Financial Services Corp. v. Burroughs Diesel, Inc., 125 So.3d 659, 659 (¶ 1) (Miss. Ct. App. 2013). In that case, there were two lawsuits between the same two creditors for possession'and the right to sell a Caterpillar excavator. This Court acknowledged that:
To this point, the procedural nature of these cases seems to be contrary to the purpose of the replevin statute and the Mississippi Rules of Civil Procedure. The claims have been litigated separately, before three different courts. The replevin claim is on appeal from a final judgment, and the mechanic’s lien claim is an appeal of a summary judgment. These cases have been consolidated before this Court.
Id. at 665 (¶43) (footnotes omitted): We recognized that two parties claimed the right to possess the personal- property. Cat Financial’s claim was through a replevin action; and Burroughs’s claim was through a mechanic’s lien. This Court found reversible error in the different decisions. Interestingly, three years ago, this Court instructed that “[i]n future similar actions, it would be'preferable for such a dispute as this one to be determined in one court proceeding.” Id. at 674 (¶ 90). The majority • acknowledges and agrees with this language, but says the facts here are “unique.” They are not.
¶29. The majority also cites Hall v. Corbin, 478 So.2d 253, 254 (Miss. 1985).[5] There, the supreme court framed the issue before the court as:
This case presents issues, involving the scope of jurisdiction and available remedies in circuit court ancillary to a replev-in action now that we are under the Mississippi Rules of Civil Procedure. In the end we hold that in such an action, a claim by. another party asserting a non-possessory interest in the property may be asserted within the ancillary jurisdiction of the circuit court, so long as there is a common nucleus of operative fact between such claim and the .original complaint in replevin. Such party may intervene in the circuit court replevin action, even though his claim is of equitable origins.
The court then ruled:
We (and every other court in the land) have long held that once a court acquired actual subject matter jurisdiction of an action, other claims (whether asserted by the one or more of the original parties or by new or intervening parties), ancillary or pendent to the original claim could also be litigated in that ac *415 tion even though the ancillary or pendent claim standing alone may have been beyond the court’s jurisdiction. To fall within pendent or ancillary jurisdiction, the intruding claim must arise out of the same transaction or occurrence as the principal claim or, as others put it, out of a common nucleus of operative fact. The principal context in which we have recognized these notions is that where “legal claims” have been asserted in chancery court, pendent to the principal equity claim. There is no reason or principle why the converse should not also be true: where a circuit court has jurisdiction of an action at law, it may hear and adjudicate in that action all claims, including those with an equitable smell, arising out of the same transaction and occurrence as the principal claim. Indeed, the converse would áp-pear even more appropriate in that our circuit courts are courts of general jurisdiction, Miss. Const, art. 6 § 156 (1890), while our chancery courts are regarded as courts of special or limited jurisdiction.
(Internal citations omitted) (emphasis added). Thus, in Hall, the court allowed a third party to intervene and join claims under Mississippi Rule's of Civil’ Procedure 18 and 24. The court reasoned:
In this view we hold that the claim of intervenor ... as originally filed and as revived was within the jurisdiction of the .circuit court ancillary to the original action in replevin. This holding does not depend upon any enlargement of jurisdiction effected by the MRCP, for those rules neither pretend to nor have power to enlarge jurisdiction. Rule 82(a), MRCP. These rules at most sweep away procedural barriers to the assertion of claims otherwise within the court’s jurisdiction.
Hall, 478 So.2d at 255-56 (emphasis added). The court concluded:
Once intervention is permitted under the rules, it follows that intervenors may join as many claims as they have against the opposing party. Rule 18, MRCP. By virtue of the familiar concepts of ancillary or pendent jurisdiction, it does not matter that some of the claims sound in equity. We have recognized on many, occasions that under the rule, circuit courts may be called upon to grant equitable relief where such claims are ancillary to the civil actions in law in order “to secure the just, speedy and inexpensive determination of every action.” Rule 1, MRCP.
Hall, 478 So.2d at 257 (internal citation omitted) (emphasis added).
¶30. This case was commenced under the Mississippi Rules of Civil Procedure. All necessary parties were before the court. The possession of the mobile home was at issue through a claim 'for replevin. The Rosses sought to adjudicate their counterclaims for breach of contract, among other claims. The supreme court determined in Hall that a third party could intervene and join a claim in a re-plevin action; thus, I see no legal authority for the circuit court or the majority to decline jurisdiction over both the replevin claim and all counterclaims asserted.
¶ 31. The majority cites no legal authority for its decision to affirm the trial judge’s decision to decline jurisdiction. The majority affirms the trial court because ⅜ apparently believes that the judge actually considered the Rosses’ counterclaim for breach of contract[6] and decided that' there *416 was not a contract. At the end of the trial, the judge said:
Frankly, this is not a difficult case, ladies and gentlemen. I mean ... he’s got a title. He testified that he paid for it. There may have been some talk about a contract. And, again, maybe there is a contract and maybe you have an action for breach of contract .... I’m not saying that you do or you don’t. It’s just a separate action that has to be maintained.
The trial judge’s own words clearly refute the notion that the Rosses’ counterclaims were actually considered by the trial judge and the dismissal was nothing but harmless error.
¶ 32. I find it was reversible error as a matter of law for the circuit court to decline jurisdiction over the counterclaims. I would reverse and remand this case for further proceedings. I therefore respectfully dissent.
BARNES, ISHEE, FAIR AND WILSON, JJ., JOIN THIS OPINION.

. Mississippi Rule of Civil Procedure 13 provides:
(a) Compulsory Counter-claims. A pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. ...
(b) Permissive Counter-Claims. A pleading may state as a counter-claim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party’s claim.

. We considered the same language from Hall in our discussion of ancillary and pendent jurisdiction in Caterpillar, 125 So.3d at 674 (¶¶ 88-89),

. The majority does not discuss the Rosses’ right to a jury trial on their breach-of-contract claim and does not discuss the fact that the trial court did not consider or allow evidence • on .the .Rosses’ other claims for breach of fiduciary duties, breach of the implied cove *416 nant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, unconscionability, emotional distress, or conspiracy.